**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10249 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-02220-RM-EJM-3 |
| v. | |
| ROBERT B. SPROAT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted November 14, 2023
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Defendant Robert Sproat timely appeals his convictions of ten counts of

securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R.

§ 240.10b-5, and the resulting sentence of 30 months in prison.[1]  We affirm.

1.  Sufficient evidence supported the securities fraud convictions.  See

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In a concurrently filed opinion, we address Defendant's jury coercion challenge.  We address his remaining arguments in this disposition.

United States v. Tarallo, 380 F.3d 1174, 1181 (9th Cir. 2004), as amended by 413 F.3d 928 (9th Cir. 2005) (stating that we review de novo the sufficiency of the evidence). Viewing the evidence in the light most favorable to the government, United States v. Tydingco, 909 F.3d 297, 301 n.1 (9th Cir. 2018), a reasonable jury could have concluded that Defendant willfully committed securities fraud. With respect to victims from nine of the ten counts, Defendant signed investment contracts—memoranda of understanding or promissory notes—stating that the Fortitude Foundation was engaged in a "joint venture," but Defendant did not disclose that the Fortitude Foundation had never supplied the initial $14,000,000 investment to fund that venture. Although Defendant was not a signatory to the profit-sharing agreement that his codefendants made with the victim in the tenth count, Defendant made other misrepresentations directly to that victim, including a statement to the victim that a purported investment opportunity in Africa involving diamond extraction was a "guaranteed investment."

Additionally, the record supports that Defendant acted willfully. For example, the fact that Defendant received thousands of dollars in rent payments unrelated to any kind of investment undermines his claim that he was himself deluded about how the investment funds were being used. Furthermore, the record contains evidence that Defendant knew that he was not a director of the Fortitude Foundation, but he held himself out to be a director anyway. Defendant also knew

2

that victims' investment funds, which had been solicited for an ostensible gold recovery project, would be spent for another purpose entirely: collectible Chinese Petchili bonds.

2. The district court did not clearly err in concluding that Defendant failed to prove by a preponderance of the evidence that he qualified for protection under the final clause of 15 U.S.C. § 78ff(a). See United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006) (stating standard of review). A person may not be imprisoned under 15 U.S.C. § 78ff(a) "for the violation of any rule or regulation" if the defendant proves that "he had no knowledge of such rule or regulation." Defendant asserted in an affidavit that, before his indictment and arrest, he "had no knowledge of any rule or regulation prescribed by the Securities and Exchange Commission." But Defendant was convicted of violating the general prohibition on securities fraud, and his vague statement is insufficient to show that he did not know of the substance of that general prohibition. See United States v. Reyes, 577 F.3d 1069, 1081 (9th Cir. 2009) ("Other circuits have also observed that proof of no knowledge of the rule 'can only mean proof of an ignorance of the substance of the rule, proof that the defendant did not know that [his or her] conduct was contrary to law.'" (brackets in original) (emphasis added) (citation omitted)); see also United States v. Laurienti, 731 F.3d 967, 972 (9th Cir. 2013) (denying the defendant's request for an evidentiary hearing to determine lack of knowledge

under 15 U.S.C. § 78ff(a) because "he had ample opportunity to present information showing he lacked knowledge of the <u>substance</u> of Rule 10b-5" (emphasis added)).  There also was other evidence in the record—such as emails he sent referencing securities laws—that Defendant did know of securities rules and regulations.  Accordingly, the district court did not clearly err.

**AFFIRMED.**